UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TIFFANY D. TYSON o/b/o B.D.T.** | * | **CIVIL ACTION NO. 17-0449** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **NANCY A. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner of Social Security's denial of disability insurance benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

### Background

On August 26, 2014, Tiffany D. Tyson protectively filed the instant application for Supplemental Security Income (SSI) benefits on behalf of her minor child, B.D.T. (claimant),[1] who was born in September 2011. (Tr. 61-66). Tyson alleged in her application that S.J.M. had been disabled since August 1, 2014, because of developmental delays. (Tr. 88). The claim was denied at the initial stage of the administrative process. (Tr. 34-45). Thereafter, Tyson requested and received a February 9, 2016, hearing before an Administrative Law Judge ("ALJ"). (Tr. 19-

---

[1] The court refers to the minor by his initials in accordance with LR 5.82W and the E-Government Act of 2002.

33). By decision dated March 24, 2016, however, the ALJ determined that the claimant was not disabled under the Act. (Tr. 5-16).

Plaintiff appealed the adverse decision to the Appeals Council. On January 24, 2017, the Appeals Council denied the request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 1-3).

On March 24, 2017, Tyson sought review before this court. Following submission of the administrative transcript and supporting memoranda, the matter is now before the court.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, it contemplates "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute

its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citation omitted).

## Law

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. 104-193, 110 Stat. 2105, which amended 42 U.S.C. §1382c(a)(3). Pursuant to this law, a child under the age of eighteen is considered disabled for purposes of SSI benefits if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (1997).

The regulations set forth a three-step sequential evaluation process for a child seeking benefits. First, the ALJ must determine if the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924. If the child is not so engaged, then the ALJ determines whether the child has a medically determinable impairment(s) that is severe. *Id*. An impairment(s) will not be deemed severe if it constitutes a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." *Id*. Finally, an impairment(s) that is severe also must meet, medically equal, or functionally equal a listed impairment. *Id*.

The Listing of Impairments describes impairments for each major body system that cause marked and severe functional limitations. 20 C.F.R. § 416.925(a). An impairment(s) meets a listing when it satisfies all of the criteria of that listing, including any relevant criteria in the introduction, and meets the duration requirement. 20 C.F.R. § 416.925(c)(3).

If an impairment(s) does not meet all of the criteria of a listing, it still can medically equal

the criteria of a listing when the claimant has other findings related to the impairment(s) that are at least of equal medical significance to the required criteria. *See* 20 C.F.R. §§ 416.925(c)(5) & 926(b). Medical equivalence may be appropriate in circumstances where the claimant: 1) has an impairment described in the Listing of Impairments, but a) does not exhibit one or more of the findings of the specified listing, or b) exhibits all of the findings, but one or more of the findings is not as severe as specified by the listing; 2) has an impairment(s) that is not described in the Listing of Impairments; or 3) has a combination of impairments none of which meets a listing in the Listing of Impairments. 20 C.F.R. § 416.926(b).

If the claimant has a severe impairment(s) that does not meet or medically equal any listing, the Commissioner will decide whether it causes limitations that functionally equal a listing(s). 20 C.F.R. § 416.926a(a). Under the regulations, the Commissioner considers the claimant's functional activities in terms of six domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). An impairment is deemed functionally equivalent to a listed impairment if it results in an extreme limitation in one domain of functioning or marked limitations in two domains. 20 C.F.R. § 416.926a(a). When assessing functional limitations, the Commissioner considers all relevant factors including, but not limited to:

1) How well [the claimant] can initiate and sustain activities, how much extra help [the claimant] need[s], and the effects of structured or supportive settings;

2) How [the claimant] function[s] in school; and

3) The effects of [the claimant's] medications or other treatment.

20 C.F.R. § 416.926a(a) (internal citations omitted).

An "extreme" limitation is assessed when the impairment(s) interferes very seriously with the claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. §416.926a(e)(3). Day-to-day functioning may be seriously limited when the impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities. *Id*. An "extreme" limitation is equivalent to standardized test scores that are at least three standard deviations below the mean. *Id*. "Extreme" limitation, however, does not necessarily mean a complete lack or loss of ability to function. *Id*.

The term "marked" may be established when a claimant's impairments seriously interfere with the claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). "Marked" limitation also refers to a limitation that is more than "moderate," but "less than extreme." *Id*. A "marked" limitation is equivalent to standardized test scores that are at least two, but less than three standard deviations below the mean. *Id*.

## Discussion

The ALJ determined that the claimant did not engage in substantial gainful activity during the relevant period. (Tr. 11). He further determined that the claimant suffered from the medically determinable impairment of developmental delay. *Id*. He found, however, that the impairment was not severe, and therefore ended his analysis at step two by concluding that the claimant was not disabled. (11-16).

Pursuant to the court's scheduling order, plaintiff was required to submit a brief that *inter alia*, set forth "**specific errors** committed at the administrative level which entitle plaintiff to relief." (Sept. 6, 2017, Sched. Order [doc. # 7]). The order cautioned that "[t]he court will consider only those errors **specifically identified** in the briefs. A general allegation that the

ALJ's findings are unsupported by substantial evidence, standing alone, is insufficient to invoke the appellate function of the federal court." *Id.*

In her brief, plaintiff did not raise any specific errors with the ALJ's decision. [doc. # 12]. Rather, she simply detailed his misbehavior at home. *Id.*

Plaintiff also attached additional evidence to her complaint that she filed with this court. [doc. # 1-1]. The evidence consists of an Individualized Education Program ("IEP"), dated May 11, 2016, which apparently was administered by the Ouachita Parish School System. *Id.*

On June 20, 2018, plaintiff submitted a letter with an attached May 1, 2018, Diagnostic Evaluation of B.D.T. that was performed at the Autism Center at the University of Louisiana at Monroe. [doc. # 14].[2] The evaluation concluded that B.D.T. met the criteria for Autism Spectrum Disorder - Level 1 (mild). [doc. # 14].

The evidence submitted by plaintiff post-dates the relevant period at issue. Moreover, there is no indication that these documents formed part of the administrative record. Therefore, at best, the court could remand the matter to the Commissioner for consideration of plaintiff's recently adduced evidence. However, the court may order additional evidence to be taken before the Commissioner "only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir. 1989) (citing, 42 U.S.C. § 405(g)). To justify remand, the evidence must be "new," and not merely cumulative of what is already in the record. *Id.* (citation omitted). The evidence also must be "material"; *i.e.*, relevant, probative, and likely

---

[2] The Clerk of Court docketed the letter as a motion for leave to file exhibit. *Id.* The motion is addressed via separate order.

to have changed the outcome of the Commissioner's determination. *Id.* Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *Id.*

Plaintiff's evidence does not satisfy the foregoing criteria. The 2016 IEP reflects an update from a 2014 IEP that is contained in the administrative record. (Tr. 259-278). Aside from the addition of special education instruction within a special class setting, the 2016 IEP continues the findings from the earlier IEP. Therefore, the new IEP does not appear to be "new" or material to the Commissioner's determination.

The claimant's autism diagnosis in May 2018 presents a closer question on materiality. While the diagnosis of autism was not confirmed in the administrative record, the Battelle Developmental Inventory, 2nd edition, which was administered to the claimant in 2014, indicated that he was highly at risk for autism. *See* Tr. 105, 144. Therefore, the new evidence of autism is not entirely new. Moreover, plaintiff also has not suggested any explanation for her failure to incorporate the "new" evidence into the administrative record. *Pierre, supra* (good cause for remand is not met unless plaintiff provides proper explanation to excuse her failure to submit the evidence earlier). "[T]he mere fact that a medical report is of recent origin is not enough to meet the good cause requirement." *Pierre*, 884 F.2d at 803 (citation omitted). Indeed, plaintiff was aware in 2014 that the claimant was at risk for a diagnosis of autism, but did not obtain definitive testing until 2018. Certainly, however, plaintiff's recent evidence may provide grounds to support a new application for disability benefits. *See Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir.1985).

In sum, plaintiff has neither established that the post-decision evidence is material, nor

demonstrated good cause for failing to incorporate the evidence into the administrative record. *Pierre, supra*. Accordingly, plaintiff is not entitled to remand. *Id*.

As stated earlier, plaintiff did not raise any specific errors with the Commissioner's decision. Nonetheless, the court observes that the ALJ resolved this matter by finding at step two of the sequential evaluation process that the claimant did not have an impairment or combination of impairments that was severe, i.e., that caused more than minimal functional limitations. *See* 20 C.F.R. § 416.924(c). In so doing, the ALJ grounded his decision on the opinions of the non-examining agency psychologist, David Atkins, Ph.D., *see* Tr. 37-41, and on the relatively benign findings of the consultative psychologist E. H. Baker, Ph.D. (Tr. 255-257).

To be sure, the record contains other evidence that could have propelled the ALJ, at minimum, to find that the claimant's impairment was severe. Nonetheless, the court emphasizes that the instant review of the Commissioner's decision is not *de novo*; the Commissioner's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge*, 424 U.S. 319, 339, 96 S.Ct. 893, 905 n21 (1976). Moreover, the court's review of the Commissioner's final decision is "limited to considering whether the decision is supported by substantial evidence *in the record* . . ." *Higginbotham v. Barnhart*, 405 F.3d 332, 335 (5th Cir. 2005) (emphasis added). The findings of Drs. Baker and Atkins provide substantial evidence to support the ALJ's decision.

## Conclusion

For the foregoing reasons, the undersigned finds that the Commissioner's decision that the claimant was not disabled under the Social Security Act, is supported by substantial evidence and remains free of legal error. Under these circumstances, the Commissioner's determination

cannot be disturbed on appeal. *Pate v. Heckler*, 777 F.2d 1023, 1027 (5th Cir. 1985). Accordingly,

IT IS RECOMMENDED that the Commissioner's decision be AFFIRMED, in its entirety, and that this civil action be DISMISSED with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 13th day of August 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE